UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ASHLEY HOMES OF LONG ISLAND, INC.,
et al.,

                      Plaintiff(s),         **REPORT AND**
                                                           **RECOMMENDATION**

      -against-

                                                            CV 08-1616(ERK) (WDW)

JOSEPH ARICO, et al.,
                      Defendant(s).
-----------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

       The purpose of this Report and Recommendation to certify the facts underlying the misbehavior of non-parties Yingxing Wang and Gudjon Hermannsson and to recommend that they appear before District Judge Korman on a date certain to be set by Judge Korman, to show cause why they should not be adjudged in contempt of Rule 45 and/or the order issued by the undersigned on July 10, 2009 by reason of these certified facts. I further recommend that they should be subjected to daily fines until the subpoena is complied with, required to pay to the plaintiff, Ashley Homes, all reasonable attorneys' fees and costs associated with the unnecessarily protracted process of obtaining compliance with the subpoena, and, if necessary, that a warrant for their arrest be issued.

**THE APPLICABLE LAW:**

       The contempt power of a federal magistrate judge is set out in 28 U.S.C. §636(e). Here, the relevant section is 636(e)(6), which provides, *inter alia,* that, under the circumstances of this matter, "the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so

certified." When the facts have been certified, the "district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." *Id.*

Under the certification process, the magistrate judge may conduct a hearing, but he or she functions only to certify the facts and not to issue an order of contempt.[1] *Hunter TBA, Inc. v. Triple V Sales,* 250 F.R.D. 116, 118 (citations omitted). In certifying the facts under section 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Id.* (citations and internal quotation marks omitted). Upon certification of the facts supporting a finding of contempt, the district court must then conduct a de novo hearing at which issues of fact and credibility determinations are made. *Id.*

It is well established that "the power to punish for contempts is inherent in all courts." *Bowens v. Atlantic Maintenance Corp.,* 546 F. Supp. 2d 55, 63 (E.D.N.Y. 2008) (citations omitted). "The underlying concern is 'disobedience to the orders of the [j]udiciary,' not 'merely the disruption of court proceedings.'" *Id.* (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991) (additional citations omitted). Thus, an individual who fails to obey a valid order of the court may be subject to both civil and criminal penalties for his actions. *Id.* (citing *United States v. Petito,* 671 F.2d 68, 72 (2d Cir. 1982) (additional citations omitted). "Criminal contempt is

---

[1] If contemptuous behavior occurs within the presence of a magistrate judge, or in a case on consent, he or she has the power to issue an order of contempt directly. It is unclear in the caselaw whether the circumstances of this case, in which Wang and Hermannsson have failed to comply with my order, constitutes behavior within or without my presence. The more prudent course is thus to certify the facts to the District Judge.

used to punish the contemnor or vindicate the court's authority; civil contempt seeks to coerce the contemnor into compliance with the court's orders or to compensate the complaining party for losses incurred as a result of the contemnor's conduct." *Id.* (citing *Hess v. New Jersey Transit Rail Operations, Inc.,* 846 F.2d 114, 115 (2d Cir. 1988) (additional citations omitted).

Here, the goal is to coerce Wang and Hermannsson into compliance with the subpoena, and an order of civil contempt is indicated. An order of civil contempt may issue pursuant to 18 U.S.C. §401, which authorizes the court to punish "by fine or imprisonment, or both, at its discretion" any contempt of the court's authority, such as "misbehavior of any person in the court's presence or so near thereto as to obstruct the administration of justice," or "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." Three elements must be established before a party can be held in civil contempt: (1) there must be an order that is clear and unambiguous; (2) the proof of non-compliance with that order must be clear and convincing; and (3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered. *Hunter TBA,* 250 F.R.D. at 119 (citations and internal quotation marks omitted). Because the order sought here is one for civil contempt, there is no requirement that the court find willfulness on the part of the contemnor. *Id.* at 119 n.5 (citing *Canterbury Belts Ltd. v. Lande Walker Rudkin, Ltd.,* 869 F.2d 34, 39 (2d Cir. 1989)).

**CERTIFICATION OF FACTS:**

I, Magistrate Judge William D. Wall, certify the following facts:

On June 25, 2009, plaintiff Ashley Homes, Inc. of Long Island filed two motions for contempt pursuant to Rule 45. DE[26& 27]. The motions sought an order of contempt against

3

non-parties Yingxing Wang and Gudjon Hermannsson, on whom subpoenas had been duly served, and who had not responded to the subpoenas. On June 26, 2009, Judge Korman referred the motions to me. On June 30, 2009, I issued an order scheduling a hearing for July 10, 2009 at which Wang and Hermannsson were directed to appear and show cause why they should not be held in contempt. DE[28]. Copies of that order were served on Wang and Hermannsson by Ashley Homes. DE[31]. They did not oppose the motions, and they did not appear on July 10, 2009 for the show cause hearing. Counsel for the plaintiff did appear at the hearing, and established on the record that the subpoenas were valid and had been properly served.

Following the non-appearance of Wang and Hermannsson on July 10, 2009, on that date I issued a further order, noting that Wang and Hermannsson had been given notice and an opportunity to be heard on the motions and the order to show cause, and had not done so. The order noted further that they would be given a final opportunity to comply with the subpoenas. DE[32 & 33]. They were given a deadline of July 24, 2009 by which to comply, and, if they failed to do so, they were ordered to appear before me on July 27, 2009 to show cause why they should not be held in contempt and sanctions imposed. They were specifically warned that if their failure to comply continued, the court could issue a warrant of arrest for failure to comply with the court's order. Because of a change in the court's calendar, the show cause hearing date was changed from July 27 to July 29. DE[34]. Copies of the orders scheduling the July 27 and 29 hearings were mailed to Wang and Hermannsson by the court and have not been returned by the United States Postal Service.

On July 24, 2009, counsel for the plaintiff filed a letter informing the court that Wang and Hermannsson had not produced documents or appeared for depositions pursuant to my July 10

order, nor had they contacted plaintiff in any way. DE[36]. On July 29, the date of the show cause hearing, counsel for plaintiff appeared and reiterated that Wang and Hermannsson had not contacted him or responded to the subpoena. Wang and Hermannsson did not appear.

**ANALYSIS:**

Turning to the three elements necessary to the issuance of an order of contempt, I find that the subpoena duces tecum requiring Wang and Hermannsson to appear and produce evidence was "clear and unambiguous." The same is true of this court's order of July 10. That order clearly stated that Wang and Hermannsson must comply with the subpoena by July 24 and, if they did not, must appear before me on July 27, a date later changed to July 29. Thus, the first element necessary to certify a contempt is established.

Proof of non-compliance must be clear and convincing. Given that Ms. Wang and Mr. Hermannsson have made no effort at all to comply with the subpoena and have failed to comply with any of this court's orders or to make any effort to contact the court about them, the court finds that the second element is also established.

With respect to the third element - whether the alleged contemnor has been diligent in attempting to comply with the court's order, it is clear that no effort to comply has been made, let alone a diligent one. Thus, the third and last element is established.

**RECOMMENDATIONS:**

Given these facts and findings, I respectfully recommend that an order issue holding Yingxing Wang and Gudjon Hermannsson in civil contempt for their failure to appear at the July 29 hearing and/or for their failure to comply with subpoena pursuant to Rule 45. Appropriate sanctions should include daily fines until the subpoena is complied with, payment to the plaintiff,

Ashley Homes, of all reasonable attorneys' fees and costs associated with the unnecessarily protracted process of obtaining compliance with the subpoena, and, if necessary, that a warrant for their arrest be issued.

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for the parties by electronic filing on the date below. The court will mail copies of it to Yingxing Wang and Gudjon Hermannsson at their 8 Tallmadge Gate, Setauket NY 11733 address. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 10 days, not counting Saturdays or Sundays. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 31, 2009

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge